IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-30-BO

STAN C. STANLEY, )
)
    Plaintiff, )
)
v. ) ORDER
)
)
UNIVERSAL CABLE HOLDINGS, )
INC., d/b/a SUDDENLINK )
COMMUNICATIONS, )
)
    Defendant. )

This matter is before the Court on the defendant's partial motion to dismiss. [DE 10]. Plaintiff has responded in opposition and the matter is ripe for disposition. For the reasons that follow, defendant's partial motion to dismiss [DE 10] is GRANTED.

## BACKGROUND

In 2000, plaintiff began working for defendant, a "broadband communications and video service provider," as an installer. [DE 1, ¶¶ 6, 12]. Over the next fifteen years, plaintiff worked his way up to sales engineer in Greenville, North Carolina. *Id.* ¶ 13.

In May 2015, plaintiff complained to his district manager, Mr. Michael Tarrant, that one of defendant's female sales representatives, Ms. Sherry Cooper, was harassing another female sales representative, Ms. Tracy Williams. *Id.* ¶ 16. Over the course of that summer, plaintiff complained to Mr. Tarrant a few more times that Ms. Cooper and a third female sales representative, Ms. Casey Bailey, were harassing Ms. Williams. *Id.* ¶ 17. In August 2015, one of defendant's HR representatives, Mr. Scott McKittrick, began investigating plaintiff's complaints. *Id.* ¶ 19. Plaintiff participated in Mr. McKittrick's investigation as a witness in support of Ms.

Williams. *Id.* ¶ 20. Plaintiff alleges that as a result, Ms. Cooper, Ms. Bailey, and Mr. Tarrant all began harassing him, too. *Id.* ¶ 21. Plaintiff alleges that his office was relocated to be closer to Ms. Cooper and Ms. Bailey, he was not included in weekly sales meetings, and he was excluded from the process of preparing new quotes and installations. *Id.* ¶¶ 22–25.

Plaintiff complained about this treatment to Mr. Sam Smith, his supervisor, and to Mr. McKittrick. *Id.* ¶ 26–27. It seems, however, that no action was taken until Mr. Tarrant was demoted from district manager to manager, with reduced "supervisory territory," for unspecified reasons. *Id.* ¶ 28. But plaintiff and Mr. Tarrant continued to have difficulties, so plaintiff complained to Mr. Eric Harris, the "Vice-President of Business Services," in June 2016. *Id.* ¶ 29. In August 2016, Ms. Williams complained to Ms. Andrea Nelson, Mr. McKittrick's supervisor, to report the harassment that she and plaintiff were suffering at the hands of Mr. Tarrant, Ms. Cooper, and Ms. Bailey. *Id.* ¶¶ 30–31. Again, seemingly no action was taken until Mr. Tarrant's employment was terminated the following month, in September 2016, for unspecified reasons. *Id.* ¶ 32.

A new manager, Mr. John Autry, replaced Mr. Tarrant in the Greenville location. *Id.* ¶ 34. Ms. Cooper and Ms. Bailey "stopped making false complaints against [p]laintiff" at this time, but he "continued to be excluded from sales calls and was not permitted to return to his previous office location." *Id.* But "hostility[ies]" between Ms. Williams, Ms. Cooper, and Ms. Bailey continued throughout the fall of 2016, and plaintiff was "regularly interviewed" about the disputes between his co-workers. *Id.* ¶ 35. Ultimately, Ms. Williams' employment was terminated in February 2017. *Id.* ¶ 37. Plaintiff was then permitted to take part in "some sales meetings and related telephone conferences" but was still "exclude[d] . . . from new quotes and installations," and was asked for the first time to "start submitting records of his work to [Mr.] Smith." *Id.* ¶ 38.

Six months later, in August 2017, Mr. Aaron Penny sent plaintiff an inappropriate image of a man's genitals on the cell phone that defendant provided to him. *Id.* ¶ 39; *see also* DE 1-1, p. 1. Plaintiff asked Mr. Penny not to send him inappropriate text messages and, in response, Mr. Penny sent another. *Id.* A few days later, plaintiff participated in a telephone conference that was held at his request. *Id.* ¶¶ 40–41. Three days after that, plaintiff reported to Mr. Smith that Mr. Penny had sent him an inappropriate text message. *Id.* ¶ 42; *see also* DE 1-1, p. 1. That day, plaintiff learned that Mr. Penny had accused him of providing Ms. Williams with defendant's "proprietary information" and with the "dial-in information" for the earlier telephone conference. *Id.* ¶ 43. Mr. Penny admitted to sending the inappropriate text messages. *Id.* ¶ 44.

One month later, on September 28, 2017, defendant terminated plaintiff's employment without providing a reason. *Id.* ¶ 45. Plaintiff then started his own company, selling "services and products like those offered by [d]efendant," and alleges that defendant has "purposely sabotaged" his new company. *Id.* ¶¶ 46–47.

On October 3, 2017, plaintiff filed a timely, *pro se* charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *Id.* ¶ 48; DE 1-1. In particular, plaintiff alleged that he was "sexually harassed" in August 2017 and discharged in September 2017, referencing the incident with Mr. Penny. [DE 1-1, p. 1]. Plaintiff also mentions in the EEOC charge his participation in an "internal investigation," in which he provided examples of alleged sexual harassment committed by Mr. Penny and Mr. Autry. [DE 1-1, p. 2]. The EEOC investigated and mailed plaintiff a Right to Sue letter on December 3, 2018. [DE 1, ¶ 10].

In March 2019, plaintiff initiated this action. He brings three causes of action, all under Title VII of the Civil Rights Act of 1964, claiming that defendant (1) discriminated against him on the basis of his gender, (2) created an abusive and hostile working environment, and (3) retaliated

against him for engaging in a protected activity. *Id.* ¶¶ 49–69. In response, defendant has partially moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that petitioner has not exhausted his administrative remedies as to his first two claims and has not alleged sufficient facts to state either a sex discrimination or a hostile work environment claim upon which relief can be granted. [DE 10, 11]. Plaintiff has responded in opposition to dismissal. [DE 16].

## DISCUSSION

Defendant has moved to dismiss two of plaintiff's claims for lack of subject-matter jurisdiction under Rule 12(b)(1). The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Defendant has also moved to dismiss two of plaintiff's claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130,

1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendant argues that this Court lacks subject-matter jurisdiction over plaintiff's sex discrimination and hostile work environment claims because plaintiff has not exhausted his administrative remedies as to those claims. An individual alleging discrimination in violation of Title VII must first file an administrative charge with the EEOC within 180 days of the alleged unlawful act. 42 U.S.C. § 2000e-5(e)(1); *see also McCollough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994) (holding that failure to timely file a charge with the EEOC bars the claim in federal court). A charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). An individual cannot bring suit until he has exhausted the administrative process. 42 U.S.C. § 2000e-5(b), (f)(1); *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 132 (4th Cir. 2001); 29 C.F.R. § 1601.28.

"The scope of the Plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). A claim is generally barred if the EEOC charge alleges one type of discrimination, such as race, and the lawsuit alleges a different type of discrimination, such as sex. *Id.* Indeed, a "plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time

frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). But "lawyers do not typically complete the administrative charges and so courts construe them liberally." *Id.* at 509 (citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988)).

First, the Court finds that plaintiff has not exhausted his administrative remedies as to his sex discrimination claim. In his complaint in this action, plaintiff seeks to rely on a disparate-treatment theory of sex discrimination; that is, that his employer treated him differently than other employees on the basis of his sex. But that does not reasonably follow from the EEOC charge that plaintiff filed and, even construing the facts in the complaint liberally and drawing all reasonable inferences in plaintiff's favor, falls well outside the scope of the charge. Title VII claims premised on sexual harassment are distinct from claims premised on disparate treatment. *See, e.g., Keener v. Universal Companies, Inc.*, 128 F. Supp. 3d 902, 914 (M.D.N.C. 2015) (collecting cases). Plaintiff's EEOC charge, which discusses the events of August and September 2017 and plaintiff's interactions with his male co-worker, Mr. Penny, and male superiors, Mr. Smith and Mr. Autry, simply did not put defendant on notice of the disparate-treatment sex discrimination claim that he now pursues. *See Chacko*, 429 F.3d at 510. Plaintiff plainly alleges in his EEOC charge that he was sexually harassed, not that he was treated differently than anyone else on the basis of his sex. The latter claim, the one that plaintiff now brings, does not follow logically from the former. Plaintiff's oblique reference to his participation in the HR investigation on Ms. Williams' behalf in 2015 does not create the reasonable inference that plaintiff was alleging discrimination on the basis of his sex, either. Plaintiff's sex discrimination claim is well outside the scope of his EEOC charge and, accordingly, the Court is without jurisdiction to consider it. As such, plaintiff's sex discrimination claim must be dismissed.

Second, the Court finds that plaintiff has not exhausted his administrative remedies as to his hostile work environment claim. Plaintiff filed his EEOC charge on October 3, 2017. 180 days before that was April 6, 2017. Thus, to the extent that plaintiff seeks to hold defendant liable for conduct that occurred prior to April 6, 2017, his claims are untimely and must be dismissed. *See* 42 U.S.C. § 2000e-5(e). True, the majority of the content of plaintiff's EEOC charge relates to conduct that occurred after April 6, 2017—specifically, the sexual harassment and retaliation that plaintiff alleges occurred in August 2017 and beyond—but the majority of plaintiff's complaint in this action relies on conduct that occurred prior to that date. In his complaint, plaintiff relies extensively on conduct that allegedly occurred in the summer of 2015 and throughout 2016 until February 2017. This includes the alleged harassment of Ms. Williams by Ms. Cooper and Ms. Bailey, plaintiff's alleged harassment at the hands of Ms. Cooper, Ms. Bailey, and Mr. Tarrant, and plaintiff's disputes with Mr. Tarrant until he was replaced.

Plaintiff agrees that "discrete discriminatory acts that occurred prior to April 6, 2017 would be time barred," but argues that the continuing-violation doctrine saves his claim. [DE 16, p. 10]. Plaintiff argues that "acts that occurred outside the filing period may be considered for purposes of liability if those acts are plausibly or sufficiently related to the act that did occur inside the filing period." *EEOC v. Phase 2 Investments, Inc.*, 310 F. Supp. 3d 550, 572 (D. Md. 2018) (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. 101, 116–21 (2002)). The question then becomes whether the hostile work environment claims that arise from the conduct of Mr. Tarrant, Ms. Cooper, Ms. Bailey and the supervisory employees who allowed them to continue harassing plaintiff are sufficient related to the EEOC charge's August 2017 allegations of sexual harassment. The Court is compelled to conclude that those untimely events are *not* sufficiently related to plaintiff's later claims of sexual harassment and retaliation. As in *Chacko*, the EEOC charge relies on a wholly

separate and relatively discrete time frame, with a separate set of actors and a different type of discriminatory conduct, than the allegations that date from May 2015 through February 2017. Indeed, as of February 2017 and the termination of Ms. Williams, plaintiff alleges that the harassment had ceased, he had returned to sales calls, and Mr. Tarrant had been terminated. Then, jumping ahead to August 2017, plaintiff alleges that Mr. Penny sent him an inappropriate text message and accused him of providing proprietary information to Ms. Williams, culminating in his termination one month later. There is no logical connection between these two sets of claims. The claims rely on different time frames, different actors, and different conduct. Mr. Tarrant, Ms. Cooper, and Ms. Bailey are not mentioned in the EEOC charge, nor are Mr. McKittrick, Ms. Nelson, or even Ms. Williams (other than in the vague sense as a "complainant"). Again, plaintiff's EEOC charge did not put defendant on notice of his hostile work environment claim and did not give defendant an opportunity at conciliation. *See Chacko*, 429 F.3d at 510. Because the hostile work environment claim is well outside the scope of plaintiff's EEOC charge and does not logically follow from that charge, the Court is without jurisdiction to adjudicate the claim and it must be dismissed.

In sum, plaintiff has not exhausted his administrative remedies as to his first and second claims of sex discrimination and a hostile work environment, respectively. As such, this Court lacks subject-matter jurisdiction to consider those claims, and they must be dismissed. There is no need for the Court to consider whether plaintiff had otherwise alleged sufficient facts to state claims for sex discrimination and a hostile work environment upon which relief can be granted. Defendant's partial motion to dismiss is granted and plaintiff's first and second claims are dismissed. Plaintiff's remaining claim of retaliation, however, may proceed.

## CONCLUSION

For the above reasons, defendant's partial motion to dismiss [DE 10] is GRANTED and plaintiff's first two causes of action, alleging sex discrimination and a hostile work environment, are DISMISSED. Plaintiff's remaining cause of action against defendant for retaliation may proceed.

SO ORDERED, this 3 day of July, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE