UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
FILE NO.: 4:19-cv-00030-BO

| STAN C. STANLEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL |
| UNIVERSAL CABLE HOLDINGS, INC. d/b/a Suddenlink Communications, | ) | Loc. Civ. R. 79.2 |
| Defendant. | ) | |

Plaintiff, Stan C. Stanley, by and through undersigned counsel, pursuant to Rules 7.1 and 79.2 of the Local Civil Rules, hereby submits this Memorandum of Law in support of his Motion to Seal, filed contemporaneously herewith.

## RELEVANT PROCEDURAL AND FACTUAL HISTORY

On March 1, 2019, Plaintiff initiated this action by filing a Complaint in the United States District Court, Eastern District of North Carolina, Eastern Division. [Doc. No. 1] The Complaint asserted claims for violations of Title VII, including a gender discrimination, hostile work environment, and retaliation. [Doc. No. 1] Defendant filed a Motion to Dismiss [Doc. No. 10] seeking to dismiss the gender discrimination and hostile work environment claims, which the court granted. See Order entered July 8, 2019 [Doc. No. 19].

On March 4, 2020, the court entered a Stipulated Consent Protective Order [Doc. No. 27], which designated personal information of Defendant's employees or former employees and personal or personnel file information and records of Defendant's current and/or former employees, as "Confidential Materials." During the discovery process, Defendant produced

documents, which it marked as "Confidential"

On November 30, 2020, Defendant filed a Motion for Summary Judgment [Doc. No. 39] and Memorandum of Law in Support of Defendant's Motion for Summary Judgment [Doc. No. 40]. Plaintiff filed a Response in Opposition to those filings on January 11, 2020 ("Response"). [Doc. No. 47] Documents relied on in that Response were marked by Defendant as "Confidential." To comply with the Stipulated Consent Protective Order [Doc. No. 27], Plaintiff seeks to file certain documents marked as "Confidential" and cited to in his Response in Opposition under seal.

Further, Plaintiff incorporates his Statement of Facts included in the Response in Opposition.

## **ARGUMENT**

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (internal footnote omitted). However, "[t]his right of access to court records is not absolute." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Nixon*, 435 U.S. at 597.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Id.* "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.' " *Doe*, 749 F.3d at 265–66 (internal citation omitted). In order to seal

documents, a court must (1) give the public notice of a request to seal and reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing. See *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historic event; and whether the public already had access to the information contained in the records." *Virginia Dep't of State Police v. Washington Post,* 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Publ. Co.,* 743 F.2d 231, 235 (4th Cir.1984)).

In the present case, Plaintiff looks to seal the following exhibits, which were referenced in his Response: (i) deposition exhibits 21, 24, 25, and 27 attached to Exhibit C – excerpts of Duska Arbaugh's deposition transcript; (ii) deposition exhibits 8, 9, and 10 attached to Exhibit D – excerpts of John Autry's deposition transcript; and (iii) deposition exhibit 15 attached to Exhibit E – Jose Lugo deposition transcript.

**I.     Deposition Exhibits 8, 9, 10, 21, 24, 25, and 27 Attached to Exhibits C and D**

In this case, the Plaintiff is looking to seal documents from Defendant's personnel records[1] and internal emails related to human resources investigations[2]. Each of the documents were marked "Confidential" by Defendant are part of Plaintiff's personnel file or relate to an investigation conducted by Defendant's human resources personnel into allegations made against the Plaintiff. Furthermore, the documents include statements that Plaintiff's believe are untrue and are salacious and defamatory in nature, which would embarrass or harm Plaintiff, if not sealed.

---

[1] Deposition exhibits 21, 24, 25, and 27.
[2] Deposition exhibits 8, 9, and 10.

Plaintiff's right and expectation that his personnel records or documents generated during an investigation into a personnel issue outweigh the public's First Amendment right of access.

If "full public access is not appropriate, [the Court] 'must consider alternatives to sealing the documents' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal." *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (quoting *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 66 (4th Cir. 1989)). In this case, to redact the documents from or related to Plaintiff's personnel file would not be a reasonable alternative to sealing because doing so would essentially require the entire document to be redacted, which would have the same effect as sealing the documents.

## II. Deposition Exhibit 15 Attached to Exhibit E

Deposition exhibit 15, a job description for sales engineers, was marked "Confidential" by Defendant. Upon information and belief, Defendant would assert that the information included therein is confidential and proprietary business information. Courts have sealed documents that include business information that "might harm a litigant's competitive standing." *Nixon*, 435 U.S. 598. Thus, to the extent that disclosing the job description would harm Defendant's competitive standing, deposition exhibit 15 should be sealed.

## **CONCLUSION**

For the reasons set forth above, Plaintiff has a compelling interest in maintaining the confidentiality of the information contained in deposition exhibits 8, 9, 10, 21, 24, 25, and 27. Furthermore, protecting Defendant's confidential and proprietary information so it is not disadvantaged in the marketplace is a compelling reason to seal deposition exhibit 15. Moreover, the documents sought to be sealed cannot be divorced from the sensitive information contained

therein, there is no viable alternative to sealing the documents. As such, Plaintiff respectfully requests the Court issue an Order sealing the documents from public view.

Respectfully submitted, this 12th day of January, 2021.

                                      The Law Offices of Oliver & Cheek, PLLC

                                      By:    s/Ciara L. Rogers
                                                 Ciara L. Rogers
                                                 N.C. State Bar No. 42571
                                                 PO Box 1548
                                                 New Bern, NC  28563-1548
                                                 Telephone: (919) 987-2024
                                                 Facsimile: (252) 633-1950
                                                 Email:  ciara@olivercheek.com
                                                 *Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I, Ciara L. Rogers, Post Office Box 1548, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 12th day of January, 2021, I served copies of the foregoing pleading on the parties listed below via CM/ECF.

I certify under penalty of perjury that the foregoing is true and correct.

This the 12th day of January, 2021.

                                                The Law Offices of Oliver & Cheek, PLLC

                                                By:    s/Ciara L. Rogers
                                                            Ciara L. Rogers
                                                            N.C. State Bar No. 42571
                                                            PO Box 1548
                                                            New Bern, NC  28563-1548
                                                            Telephone: (919) 987-2024
                                                            Facsimile: (252) 633-1950
                                                            Email:  ciara@olivercheek.com
                                                            *Attorney for Plaintiff*

To:
Ann H. Smith, Esq.           (via CM/ECF)
*Attorney for Defendant*