IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO.: 4:19-cv-00030-BO

| | |
|---|---|
| STAN C. STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S OBJECTIONS** |
| vs. ) | **TO PLAINTIFF'S RULE 26(a)(3)** |
| ) | **DISCLOSURES** |
| UNIVERSAL CABLE HOLDINGS, INC. ) | |
| d/b/a SUDDENLINK COMMUNICATIONS, ) | |
| ) | |
| Defendant. ) | |

COMES NOW Defendant, Universal Cable Holdings, Inc. d/b/a Suddenlink Communications ("Suddenlink," or the "Company") by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.1(b)(1), hereby submits its Objections to Plaintiff Stan C. Stanley's ("Plaintiff" or "Stanley") Rule 26(a)(3) Disclosures. Specifically, Suddenlink objects to several documents Stanley has identified as exhibits for Trial due to either (1) Suddenlink's inability to ascertain the identity of the documents to which Stanley refers; or (2) the inadmissibility of certain documents as discussed below.

Pursuant to Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure, Defendant preserves any objections or arguments which it may have pursuant to Rules 402 and 403 of the Federal Rules of Evidence, as well as other objections or arguments as necessary and appropriate. Similarly, Defendant is not waiving any requirement as to foundation or authentication except as may be expressly stipulated between the Parties.

Without waiving and subject to the foregoing Objections, Defendant provides the following specific Objections to Plaintiff's Pretrial Disclosures:

## I. GENERAL OBJECTION

Plaintiff filed this action on March 1, 2019, alleging three Title VII claims: a disparate treatment claim based on gender; a hostile work environment claim; and a retaliation claim. [DE # 1] On April 20, 2020, Suddenlink filed Partial Motion to Dismiss [DE # 10], seeking dismissal of the discrimination and hostile work environment claims. By Order dated July 3, 2019 [DE # 19], this Court granted the Partial Motion to Dismiss.

On November 30, 2020, Defendant files its Motion for Summary Judgment. [DE # 39]. Following briefing by the Parties, this Court entered its Order dated May 18, 2021. [DE #61]. In this Order, Judge Boyle ruled that "Defendant's motion is granted as to plaintiff's claim of retaliation as to his termination, and it is denied as to the retaliation following his participation in defendant's investigation. Plaintiff's cause of action against defendant for retaliation may proceed as to defendant's allegation that he suffered harassment after participating in defendant's investigation into Ms. Williams's complaint." [DE # 61].

For these reasons, Suddenlink objects to Plaintiff's Pretrial Disclosures to the extent that they identify witnesses or documents which are only relevant to this case, if at all, to Plaintiff's claim of retaliation as to his termination.

## II. OBJECTIONS TO WITNESSES

Suddenlink does not understand the Federal Rules or the applicable Local Rules to require objections at this time to Plaintiff's identification of witnesses who Plaintiff expects to call to testify at trial.

2

## II. OBJECTIONS TO DOCUMENTS

| Deponent Name | Depo. Exh. No. | Description | Objections[1] |
|---|---|---|---|
| 30(b)(6) – Universal Cable Holdings, Inc. d/b/a Suddenlink Communications by John Autry and Duska Arbaugh | 1 | Plaintiff Stan C. Stanley's Amended Notice of Rule 30(b)(6) Deposition of Defendant Universal Cable Holdings, Inc. | • Relevance; authentication; hearsay. |
| 30(b)(6) – Universal Cable Holdings, Inc. d/b/a Suddenlink Communications by John Autry and Duska Arbaugh | 3 | 2017 Year End Review for John Autry, SUDDENLINK_000642-646 | • Relevance; authentication; hearsay. |
| 30(b)(6) – Universal Cable Holdings, Inc. d/b/a Suddenlink Communications by John Autry and Duska Arbaugh | 4 | 2018 Year End Review for John Autry, SUDDENLINK_000647-655 | • Relevance; authentication; hearsay. |
| 30(b)(6) – Universal Cable Holdings, Inc. d/b/a Suddenlink Communications by John Autry and Duska Arbaugh | 5 | Complaint | • Hearsay. |
| 30(b)(6) – Universal Cable Holdings, Inc. d/b/a Suddenlink Communications by Duska Arbaugh | 16 | Altice Equal Employment Opportunity Policy dated 01/12/2017; SUDDENLINK_000002 | • |
| 30(b)(6) – Universal Cable Holdings, Inc. d/b/a Suddenlink Communications by Duska Arbaugh | 17 | Altice Equal Employment Opportunity Policy dated 06/20/2017; SUDDENLINK_000003 | • |

---

[1] All hearsay objections apply if the document is introduced by Plaintiff, unless introduced through appropriate trial testimony or admissible deposition testimony. All hearsay objections apply to the extent that Plaintiff offers the document to prove the truth of the matter asserted therein. Suddenlink reserves the right to withdraw its hearsay objection to the extent that Plaintiff offers the document for another purpose. All documents authored by Plaintiff constitute party admissions if introduced by Suddenlink. To the extent that portions of an email chain may contain additional exchanges, Suddenlink reserves the right to object to that material as hearsay. Suddenlink further reserves the right to object as to foundation or competency that would become apparent at the time of trial based on the identity of the sponsoring witness. Finally, if necessary, pursuant to Rule 106 of the Federal Rules of Evidence, Suddenlink reserves the right to require Plaintiff to introduce the remainder of any writing that in fairness ought to be considered at the same time.

| | | | |
|---|---|---|---|
| 30(b)(6) – Universal Cable Holdings, Inc. d/b/a Suddenlink Communications by Duska Arbaugh | 18 | Altice Employment Handbook; SUDDENLINK_002580-002620 | • |
| Tracy Fryer-Williams | 1 | Notice of Deposition of Tracy Fryer-Williams | • Authentication, relevance, hearsay. |
| Tracy Fryer-Williams | 2 | U.S. District Court, Eastern District of North Carolina, subpoena to Tracey Fryer-Williams to testify at a deposition | • Authentication, relevance, hearsay. |
| Tracy Fryer-Williams | 4 | Resume of Tracy Fryer-Williams | • Relevance; authentication; hearsay. |
| Tracy Fryer-Williams | 5 | Drawing of office layout dated August 14, 2020 | • |
| Tracy Fryer-Williams | 6 | EEOC Charge of Discrimination, Tracey Fryer-Williams | • Relevance; authentication; hearsay. |
| Tracy Fryer-Williams | 7 | EthicsPoint Report #802, dated 07/28/2016 | • Authentication; hearsay. |
| Tracy Fryer-Williams | 8 | EEOC Dismissal and Notice of Rights, Tracy Fryer-Williams, Charge No. 433-2017-05183, SUDDENLINK_000006 | • Relevance; authentication; hearsay. |
| Tracy Fryer-Williams | 9 | EEOC Dismissal and Notice of Rights, Tracy Fryer-Williams, Charge No. 433-2017-02513, Plaintiff 000227 | • Relevance; authentication; hearsay; unduly prejudicial. |
| Tracy Fryer-Williams | 10 | EEOC Dismissal and Notice of Rights, Tracy Fryer-Williams, Charge No. 433-2017-02513, Plaintiff 000233 | • Relevance; authentication; hearsay; unduly prejudicial. |
| Tracy Fryer-Williams | 11 | EEOC Charge of Discrimination, Stan C. Stanley, Charge No. 433-2018-00030, SUDDENLINK_000011-12 | • Relevance; authentication; hearsay. |
| Tracy Fryer-Williams | 12 | Email Strings, meeting invitation, Plaintiff 000001-13 | • Relevance; authentication; hearsay. |
| Tracy Fryer-Williams | 13 | Email, Colleen Schmidt to Tracy Fryer-Williams dated February 7, 2017, Plaintiff 000017 | • Relevance; authentication; hearsay. |
| Tracy Fryer-Williams | 14 | Email from Tracy Fryer-Williams: Subject: NOTES ABOUT COLD CALL ROCKY MOUNT, Plaintiff 000020 | • Authentication, relevance, hearsay. |
| Tracy Fryer-Williams | 15 | Timeline by Tracy Fryer-Williams, Plaintiff 000021-37 | • Authentication, relevance, hearsay. |

| Stan Cameron Stanley | 1 | Complaint | • Hearsay. |
|---|---|---|---|
| Stan Cameron Stanley | 2 | Letter from Suddenlink to Cameron Stanley dated February 8, 2008 | • Relevance; authentication; hearsay. |
| Stan Cameron Stanley | 4 | Suddenlink Job Description – Sales Engineer, revised 02/12/2015 | • |
| Stan Cameron Stanley | 5 | Altice Harassment Prevention Policy dated 6/20/2017 | • |
| Stan Cameron Stanley | 6 | Cablevision Policies dated August 2016 | • Relevance; authentication; hearsay. |
| Stan Cameron Stanley | 12 | Intake Interview by EEOC dated 10/03/2017 | • |
| Stan Cameron Stanley | 14 | Email thread between Plaintiff and Tracy Fryer-Williams dated 08/16/2017 | • Relevance; authentication; hearsay. |
| Stan Cameron Stanley | 18 | EEOC Intake Questionnaire, Stan Cameron Stanley, Charge No. 433-2018-00030N dated 10/03/2017 | • |
| Stan Cameron Stanley | 19 | EEOC Dismissal and Notice of Rights, Stan C. Stanley, Charge No. 433-2018-00030 | • |
| Stan Cameron Stanley | 21 | Email April 20, 2018, Vanessa Byrd to Cameron Stanley; Subject: ALTICE RELATIONSHIP, Plaintiff 000038-39 | • Relevance; authentication; hearsay, unduly prejudicial. |
| Stan Cameron Stanley | 22 | Email String April 27, 2018 – June 1, 2018, Cameron Stanley and Ron Sweatman, Plaintiff 000041-044 | • Relevance; authentication; hearsay; unduly prejudicial. |
| Stan Cameron Stanley | 23 | Email String February 6, 2018 – April 20, 2018, Cameron Stanley and Kathy Courtney; Subject: EEOC Charge 433-2018-00030 Stanley v. Suddenlink | • Relevance; authentication; hearsay; unduly prejudicial. |
| Stan Cameron Stanley | 24 | Plaintiff Stan C. Stanley's Responses to Defendant's First Set of Interrogatories and Request for Production of Documents | • Plaintiff has not indicated which specific responses from Plaintiff's Responses to Defendant's First Set of Interrogatories and Request of Production of Documents that he intends to introduce as an exhibit at the trial of this action. Accordingly, Suddenlink is unable to lodge specific objections as to this exhibit. As a result, Suddenlink reserves the right to lodge specific objections once Plaintiff has identified which Responses to |

| | | | |
|---|---|---|---|
| | | | Defendant's First Set of Interrogatories and Request of Production of Documents that Plaintiff intends to use as an exhibit at trial. Subject to the foregoing, Suddenlink lodges the following general objections: Relevance, unduly prejudicial, hearsay. |
| Stan Cameron Stanley | 25 | Plaintiff Stan C. Stanley's Supplementary Responses to Defendant's First Set of Interrogatories and Request for Production of Documents | • Plaintiff has not indicated which specific responses from Plaintiff's Supplementary Responses to Defendant's First Set of Interrogatories and Request of Production of Documents that he intends to introduce as an exhibit at the trial of this action. Accordingly, Suddenlink is unable to lodge specific objections as to this exhibit. As a result, Suddenlink reserves the right to lodge specific objections once Plaintiff has identified which Supplementary Responses to Defendant's First Set of Interrogatories and Request of Production of Documents that Plaintiff intends to use as an exhibit at trial. Subject to the foregoing, Suddenlink lodges the following general objections: Relevance, unduly prejudicial, hearsay. |
| Stan Cameron Stanley | 26 | Plaintiff Stan C. Stanley's Second Supplementary Responses to Defendant's First Set of Interrogatories and Request for Production of Documents | • Plaintiff has not indicated which specific responses from Plaintiff's Second Supplementary Responses to Defendant's First Set of Interrogatories and Request of Production of Documents that he intends to introduce as an exhibit at the trial of this action. Accordingly, Suddenlink is unable to lodge specific objections as to this exhibit. As a result, Suddenlink reserves the right to lodge specific objections once Plaintiff has identified which of Plaintiff's Second Supplementary Responses to Defendant's First Set of Interrogatories and Request of Production of Documents that Plaintiff intends to use as an exhibit at trial. Subject to the foregoing, Suddenlink lodges the following general objections: Relevance, unduly prejudicial, hearsay |

Respectfully submitted this the 1st day of July 2021.

                                                JACKSON LEWIS P.C.

BY: _____
ANN H. SMITH
N.C. State Bar No. 23090
*Attorney for Defendant*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.Smith@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO.: 4:19-cv-00030-BO

| | |
|---|---|
| STAN C. STANLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) **CERTIFICATE OF SERVICE** |
| UNIVERSAL CABLE HOLDINGS, INC. d/b/a SUDDENLINK COMMUNICATIONS, | ) ) ) ) ) |
| Defendant. | |

The undersigned counsel certifies that on July 1, 2021, the foregoing *Defendant's Pretrial Disclosures* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system which will send notification of such filing as follows:

Ciara L. Rogers
The Law Offices of Oliver & Cheek, PLLC
Post Office Box 1548
New Bern, North Carolina 28563-1548
ciara@olivercheek.com
*Attorney for Plaintiff*

JACKSON LEWIS P.C.

BY: /s/ Ann H. Smith

ANN H. SMITH
N.C. State Bar No. 23090
*Attorney for Defendant*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.Smith@jacksonlewis.com

4811-2142-5136, v. 1